## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:17-CV-00329

**Marilyn J. Gartling,**

     Plaintiff,

v.

**American Family Mutual Insurance Company.**

     Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Marilyn J. Gartling (hereinafter "Plaintiff" or "Mrs. Gartling"), through her attorneys, GODIN & BAITY, LLC, hereby submits the following Complaint and Jury Demand against American Family Mutual Insurance Company, and states as follow:

### THE PARTIES & JURISDICTION

1.    Mrs. Gartling resides at 7804 S. Marshall St., Littleton, Colorado 80128.

2.    American Family Mutual Insurance Company ("American Family") is an insurance company, duly licensed and authorized to conduct a property and casualty business within the state of Colorado.

3.    American Family is a Wisconsin company with a principle office address of 6000 American Parkway, Madison WI 53783-0001.

4.    Plaintiff brings this Complaint and Jury Demand against American Family, which is a corporation with its principal place of business in Wisconsin.  Plaintiff is a citizen of Colorado.  The amount in controversy exceeds $75,000.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

5.    Venue is proper in a judicial district in which any Defendant resides.  American Family resided in the State of Colorado. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## **GENERAL ALLEGATIONS**

**A. Plaintiff's Insurance Policy**

6.      John W. Gartling and Marilyn J. Gartling were insured by American Family Mutual Insurance Company under Policy Number 0926-1940-02-85-FPPA-CO and Policy Number 0926-1940-01-82-FPPA-CO (the "Policies").

7.      The Policies were effective from 12-16-2012 through present.

8.      Each Policy was in full force and effect on December 17, 2012.

9.      The Policies provided: "We agree with you, in return for your premium payment, to insure you subject to all the terms of this policy.  We will insure you for this coverage and the limits of liability as shown in the Declarations of this policy."

10.     The Underinsured Motorist Coverage Endorsement provided:   "You have this coverage if Uninsured Motorist—Bodily Injury Coverage and Underinsured Motorist Coverage is shown in the Declarations."

11.     The Declarations page for each of the American Family Policies stated: "UNDERINSURED MOTORIST—BODILY INJURY ONLY--$300,000."

12.     American Family initially stated there were two policies with $100,000 each in Underinsured Motorist coverage.   American Family later reformed the Policies to show Underinsured Motorist limits of $300,000 under each Policy and not $100,000.

13.     At the time of the accident on December 17, 2012, Mrs. Gartling had a combined total of $600,000 in Underinsured Motorist coverage.

14.     Under the provisions of the Underinsured Motorist Endorsement: "Insured person means: you or a relative."

15.     Under the terms of each insurance policy, Mrs. Gartling is a named insured and she meets the definition of an "insured person" in the endorsement.

16.     Pursuant to the terms of the Endorsement, an "Underinsured motor vehicle" means a "land motor vehicle" "which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability limits for which the amount paid is not enough to pay the full amount the insured person is legally entitled to recover as damages."

17.     Under the terms of the "INSURING AGREEMENT", American Family agreed to pay Mrs. Gartling "compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of …an underinsured motor vehicle."

18.     The "INSURING AGREEMENT" also stated:

"The bodily injury must:
a.  be sustained by an insured person;
b.  be caused by an accident; and
c.  arise out of the ownership…or use of …an underinsured motor vehicle."

## B. The automobile accident with Pauline Johnston.

19.  On December 17, 2012, Mrs. Gartling was driving the 2001 Chevrolet Cavalier, VIN number 1G1JC124017282868 listed on the Policies.

20.  On December 17, 2012, Mrs. Gartling stopped her car at a red light on southbound South Pierce Street in the left through lane.

21.  While Plaintiff was stopped, Pauline Johnston drove her 1992 Mercury Grand Marquis into the left rear corner of Plaintiff's car.

22.  Mrs. Gartling was transported by ambulance from the scene of the accident to Littleton Adventist Hospital.

23.  After approximately eighteen months of conservative treatment, on May 13, 2014, Dr. John Prall recommended that Mrs. Gartling undergo a two level disc dessication/stabilization surgery to address her spondylolisthesis and persistent radiculopathy at L4-S1.

24.  Dr. Prall diagnosed Mrs. Gartling with lumbar spondylolisthesis, lumbar radiculopathy, and herniated lumbar disk.

25.  Dr. Prall performed surgery on July 2, 2014, including: (1) re-exploration partial laminectomy, medial fracetectomy, and foraminotomay, L5-S-1 bilateral, (2) partial laminectomy, medial facetectomy, and discectomy, L4-L5, (3) posterior spinal instrumentation with Spinal Element screws and rods, L4 thru S-1, (4) combined interbody/posterolateral fusion with morcellized allograft and autograft Bone/PEEK interbody device, L4-L5 and L5-S1, and (5) autograft bone harvest, using stereotactic navigation and fluoroscopy with interpretation.

26.  Plaintiff was hospitalized at Littleton Adventist Hospital for five days, the majority of time she spent on the cardiac floor secondary to atrial fibrillation brought on by muscle spasms resulting in extreme pain.

27.  Mrs. Gartling continues to have pain in her left shoulder, back, right groin and hip, which requires surgery.

## C. Hartford agreed to pay its policy limits.

28.  At the time of the accident, Pauline Johnston was insured by Hartford Underwriters Insurance Company ("Hartford") under Policy Number 55PHE490149-215005 for $100,000 in liability coverage.

29.     On August 26, 2015, Hartford agreed to pay its policy limits of $100,000 to settle Mrs. Gartling's bodily injury claim against Pauline Johnston.

**D.  American Family consented to Plaintiff settling with Hartford.**

30.     On August 27, 2015, American Family confirmed in writing that it waived its subrogation rights and it gave permission to Mrs. Gartling to settle the bodily injury claim with Hartford on behalf of Pauline Johnston.

**E.   Marilyn J. Gartling made an Underinsured Motorist Bodily Injury Claim which American Family denied.**

31.     On August 21, 2015, Mrs. Gartling, through her attorneys, made a policy limits demand for payment to American Family of her Underinsured Motorist Bodily Injury (UIM) limits.

32.     As of August 2015, when Mrs. Gartling made the Underinsured Motorist claim, she had medical expenses totaling $365,650.72.  She has incurred additional medical expenses since making the Underinsured Motorist claim.

33.     On August 26, 2015, Plaintiff, through her attorneys, granted American Family an extension to September 21, 2015 to complete its evaluation of the UIM claim.

34.     On September 9, 2015 and September 17, 2015, American Family requested Mrs. Gartling submit to an Independent Medical Examination ("IME").

35.     On October 6, 2015, Dr. George Schakaraschwili performed the IME of Plaintiff.

36.     On October 21, 2015, Dr. Schakaraschwili issued his IME report.

37.     On October 30, 2015, American Family denied Mrs. Gartling's UIM claim.

38.     In its denial letter, American Family stated:  "[w]e have determined that the claim value does not exceed the policy limits of the underlying carrier (Hartford) and that there is no UIM exposure for your client as such."  American Family provided a copy of the IME report with the letter.

39.     American Family provided no further explanation for its denial of Plaintiff's UIM claim.

40.     American Family based its denial of Plaintiff's UIM claim on the IME performed by Dr. George Schakaraschwili.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract for Underinsured Motorist Benefits)**

41.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40.

42.    American Family entered into a contract with John W. Gartling and Marilyn J. Gartling to provide insurance benefits pursuant to the terms of Policy number 0926-1940-02-85-FPPA-CO and Policy Number 0926-1940-01-82-FPPA-CO.

43.    John W. Gartling and Marilyn J. Gartling made the required insurance premium payments to American Family.

44.    Pursuant to the Policy Declarations and under the terms of the insurance policy, American Family agreed to provide Mrs. Gartling with underinsured motorist coverage.

45.    American Family agreed to pay Mrs. Gartling "compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of …an underinsured motor vehicle."

46.    On December 17, 2012, Pauline Johnston drove her car into the left rear corner of Mrs. Gartling's car.

47.    At the time of the accident, Pauline Johnston was insured by Hartford Underwriters Insurance Company ("Hartford") under Policy Number 55PHE490149-215005 for $100,000 in liability coverage.

48.    Mrs. Gartling sustained "bodily injury" in the December 17, 2012 accident with Pauline Johnston.

49.    On August 26, 2015, Hartford agreed to pay its policy limits of $100,000 to settle Mrs. Gartling's bodily injury claim against Pauline Johnston.

50.    Pursuant to the terms of the Policies, American Family promised to pay Mrs. Gartling's "compensatory damages" for her bodily injury, damages and losses that exceed the $100,000 insurance limits of Pauline Johnston's Hartford policy.

51.    Pauline Johnston is "underinsured" as defined by the American Family insurance policy to the extent Mrs. Gartling's bodily injury damages exceed the limits of Ms. Johnston's liability insurance.

52.    Mrs. Gartling properly provided American Family notice of her claim against Pauline Johnston.

53.     On August 27, 2015, American Family confirmed in writing that it waived its subrogation rights and it gave permission to Mrs. Gartling to settle the bodily injury claim with Hartford on behalf of Pauline Johnston.

54.     Mrs. Gartling made a claim for underinsured motorist benefits pursuant to the terms of the American Family Policies.

55.     Mrs. Gartling satisfied all conditions precedent to coverage under the insurance policies issued by American Family.

56.     American Family denied Mrs. Gartling's claim for underinsured motorist benefits.

57.     American Family failed to pay UIM benefits to Mrs. Gartling as agreed in the Policies.

58.     American Family breached the insurance contract with Mrs. Gartling by denying her Underinsured Motorist Benefits.

59.     As a result of the breach, Mrs. Gartling is entitled to recover from American Family compensation for her bodily injuries, damages and losses.

## SECOND CLAIM FOR RELIEF
**(Violation of the Insurance Fair Conduct Act; C.R.S. 10-3-1115 and 10-3-1116.)**

60.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59 of this Complaint.

61.     American Family Mutual Insurance Company is engaged in the business of providing insurance.

62.     Plaintiff is an "insured" under American Family Policy No. 0926-1940-02-85-FPPA-CO and Policy No. 0926-1940-01-82-FPPA-CO.

63.     Plaintiff is an individual asserting entitlement to benefits owed to or on behalf of an insured under an insurance policy.

64.     Plaintiff is a first party claimant as defined in C.R.S. 10-3-1115(b).

65.     Plaintiff made a claim for payment of underinsured motorist benefits to American Family.

66.     American Family has unreasonably denied payment of a claim for benefits owed.

67.    As a result of American Family's denial, Plaintiff is entitled to recover the benefits owed her, plus two times the covered benefit, plus reasonable attorney fees and court costs, pursuant to C.R.S. 10-3-1116(1).

### THIRD CLAIM FOR RELIEF
#### (Bad Faith Breach of Insurance Contract)

68.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 67 of this Complaint.

69.    American Family has a duty to deal in good faith with Plaintiff regarding her underinsured motorist claim.

70.    At the time of the collision, Plaintiff was an insured person as defined by the American Family policies.

71.    The insurance policies provided that American Family would pay compensatory damages for bodily injury, which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

72.    Plaintiff was entitled to receive underinsured motorist benefits through American Family in the amount of $300,000 per person under American Family Policy No. 0926-1940-02-85-FPPA-CO and $300,000 per person under American Family Policy No. 0926-1940-01-82-FPPA-CO.

73.    Plaintiff has complied with the terms of the underinsured motorist policies.

74.    American Family denied any payments for underinsured motorist benefits to Plaintiff.

75.     American Family denied underinsured motorist benefits to Plaintiff based in whole or in part on the October 6, 2015, Independent Medical Evaluation of Dr. George Schakaraschwili, Rocky Mountain Rehabilitation Associates.

76.    American Family did not contact or seek clarification from Plaintiff's treating physicians in response to the October 6, 2015, Independent Medical Evaluation of Dr. George Schakaraschwili, Rocky Mountain Rehabilitation Associates.

77.    American Family has relied on the Independent Medical Evaluations of Dr. George Schakaraschwili, Rocky Mountain Rehabilitation Associates, in denying underinsured motorist benefits to other American Family policyholders.

78.    American Family knew its failure to pay Plaintiff amounts to which she was entitled was unreasonable.

79.    American Family recklessly disregarded the fact that their failure to pay Plaintiff was unreasonable.

80.    Under C.R.S. 10-3-1104(1)(b), American Family willfully acted unreasonably in the following ways:
   a.  Refusing to pay claims without conducting a reasonable investigation based upon all available information;
   b.  Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
   c.  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the claim;
   d.  Failing to adopt and implement reasonable standards for the prompt resolution of the claim.

81.    American Family acted in bad faith and breached their contractual obligations to Plaintiff and engaged in a pattern and practice of failing to pay benefits for which Plaintiff is eligible.

82.    In 2014, 2015 and 2016, American Family was found to have acted in bad faith for refusing to pay underinsured motorist benefits in other cases in the United States District for Colorado.

83.    American Family has a history of acting in bad faith in a manner similar to their actions in this case including other cases in federal and state court in which American Family has been found to have acted in bad faith for refusing to pay underinsured motorist benefits.

84.    American Family acted in bad faith when it relied, in whole or in part, on the Independent Medical Examination of Dr. George Schakaraschwili to deny Plaintiff underinsured motorist benefits.

85.    American Family acted in bad faith by ignoring, disregarding, or failing to rely on the medical records and opinions provided by Plaintiff's treating physicians.

86.    American Family acted in bad faith when it failed to seek clarification of the issues raised by Dr. George Schakaraschwili in his Independent Medical Examination.

87.    As a direct consequence of American Family's breach of duty to their insured, Plaintiff has suffered damages and injuries for which American Family is legally liable, including, but not limited to compensation for her injuries, attorney's fees, costs and interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) All compensable damages;

(b) The amount of the benefits owed to Plaintiff;

(c) Two times the covered benefit;

(d) Reasonable fees and costs;

(e) Statutory damages;

(f) Pre and post judgment interest; and

(g) Any further legal and equitable relief that the Court deems just and proper.

## **JURY DEMAND**

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES AND CLAIMS, INCLUDING ALL CLAIMS AND CROSS-CLAIMS

DATED this 3rd day of February, 2017.

Respectfully submitted,

GODIN & BAITY, LLC

*s/ Stephen J. Baity*

By_____

Stephen J. Baity, #13137
621 Seventeenth Street, Suite 1900
Denver, CO  80293
Phone: 303-572-3100
Fax:  303-572-3400
sbaity@godinbaity.com

ATTORNEY FOR PLAINTIFFS

PLAINTIFF:
Marilyn J. Gartling
7804 S. Marshall St.
Littleton, CO 80128